**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIAN BIE LIM; RYANDI SISWOJO, | No. 11-72402 |
| Petitioners, | Agency Nos.     A098-131-042 |
| |                   A098-131-043 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Lian Bie Lim and Ryandi Siswojo, natives and citizens of Indonesia, petition

for review of the Board of Immigration Appeals' ("BIA") order denying their

motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review for an abuse of discretion the BIA's denial of a motion to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely where the motion was filed over five years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to present sufficient evidence of changed circumstances in Indonesia to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 989 (new evidence in a motion to reopen must be "qualitatively different" from the evidence presented at the prior hearing). In light of our conclusion, we do not reach petitioners' remaining contention that they established a prima facie case for relief based on their membership in a disfavored group.

We lack jurisdiction to review petitioners' contention regarding a change in law because they did not raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We also lack jurisdiction to review the BIA's decision to not exercise its sua sponte authority to reopen removal proceedings. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-72402